Calle-Durazno v. Bondi

BIA
Straus, IJ
A206 257 023

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

RUBEN EFRAIN CALLE-DURAZNO,
> *Petitioner,*

v.                                                          23-6076
                                                            NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Glenn L. Formica, Formica, P.C., New Haven, CT.

**FOR RESPONDENT:**        Brian M. Boynton, Acting Assistant Attorney General; Jonathan A. Robbins, Assistant Director; Bernard A. Joseph, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ruben Efrain Calle-Durazno, a native and citizen of Ecuador, seeks review of a December 29, 2022, decision of the BIA affirming an August 13, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ruben Efrain Calle-Durazno,* No. A206 257 023 (B.I.A. Dec. 29, 2022), *aff'g* No. A206 257 023 (Immig. Ct. Hartford Aug. 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the credibility and corroboration findings the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005) ("[W]e may not rest our holding on the IJ's credibility findings, because the BIA did not affirm and adopt

those findings."). "We review the agency's factual findings . . . for substantial evidence" and "[w]e review the agency's legal conclusions *de novo*." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The agency did not err in finding that Calle-Durazno failed to establish his eligibility for asylum, withholding of removal, or CAT relief based on his claim that members of the Pachakutik Party twice attacked him and would harm him in the future because he refused to give them customer identification numbers when he worked as a security guard at a bank in Ecuador.

For asylum and withholding of removal, an "applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); *see also id.* § 1231(b)(3)(A) (withholding); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022). To demonstrate that persecution (past or prospective) bears a nexus to an applicant's political opinion, "[t]he applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief," rather

3

than merely from the persecutor's own opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). "The persecution may also be on account of an opinion *imputed* to the applicant by the persecutor, regardless of whether or not this imputation is accurate." *Hernandez-Chacon v. Barr*, 948 F.3d 94, 102 (2d Cir. 2020). However, opposition to a group, "even when such opposition incurs the enmity of these elements, does not thereby become *political* opposition simply by virtue of the [group's] reaction." *Zelaya-Moreno v. Wilkinson*, 989 F.3d 190, 201 (2d Cir. 2021) (addressing a political opinion claim in the context of resistance to gangs).

The agency did not err in concluding that Calle-Durazno failed to demonstrate that members of the Pachakutik Party targeted or would likely target him on account of his political opinion, real or imputed. He testified that he refused to turn over information that would have helped the party recruit members because he did not want to lose his job as a security guard, and he did not allege that party members believed him to have a political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (concluding that political opinion claim failed because refusal to join a guerrilla group for fear of government retaliation was not an expression of political opinion and because petitioner had not shown

4

that the guerrillas believed the refusal to join was political); *see also Zelaya-Moreno*, 989 F.3d at 203 (finding no nexus to political opinion where petitioner's refusal to join a gang was "not rooted in any sort of disagreement with the policies they seek to impose nor any ideology they espouse"). Although Calle-Durazno testified that he disapproved of the Pachakutik Party because they were too aggressive and violent, he did not testify that he expressed that opinion to his attackers or that they believed that he was opposed to their political efforts. *See Elias-Zacarias*, 502 U.S. at 482; *see also Zelaya-Moreno*, 989 F.3d at 203 (concluding that telling a group "that they are 'bad' . . . is insufficient to establish that [petitioner's] resistance . . . took on a political dimension by transcending mere self-protection" (quotation marks omitted)). Accordingly, Calle-Durazno failed to establish that his attackers were motivated by his political opinion, rather than their own interest in obtaining new members. *See Yueqing Zhang*, 426 F.3d at 545; *see also Elias-Zacarias*, 502 U.S. at 482.

Calle-Durazno's failure to satisfy his burden of showing that the harm he suffered and fears was or would be on account of a protected ground, is dispositive of asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3). Accordingly, we do not reach the IJ's other bases for

5

denying these forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Unlike asylum and withholding of removal, CAT relief does not require a nexus to a protected ground. *See* 8 C.F.R. § 1208.16(c)(2). To be eligible for CAT relief, an applicant is required to show that he would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Thus, an applicant "must establish that there is greater than a fifty percent chance . . . that he will be tortured upon return to his . . . country of origin." *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003).

We find no error in the agency's finding that Calle-Durazno's fear of torture was speculative. His vague assertion that his wife's cousin asked after him and that the cousin was close to one of his attackers was insufficient to show that he faces a likelihood of torture, particularly given the lack of evidence that members of the Pachakutik Party torture people. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *see also Mu-Xing Wang*, 320 F.3d at 144 &

6

n.20. Because the agency's finding that Calle-Durazno failed to establish a likelihood of torture was dispositive of CAT relief, we do not reach his challenge to the agency's alternative finding that he failed to show that Ecuadorian officials would likely acquiesce in his torture. *See* 8 C.F.R. §§ 1208.16(c), 1208.18(a)(1); *see also Bagamasbad*, 429 U.S. at 25.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7